Emmett Eugene CLOUD, Jr.,
Petitioner–Appellant,

v.

Carl THOMAS, Sheriff, Dallas County, Texas, Defendant–Appellee.

No. 79–3368.

United States Court of Appeals,
Fifth Circuit.

Oct. 10, 1980.

Rehearing Denied Nov. 13, 1980.

studio on a charge of public lewdness and convicted by a Texas jury. The prosecution's case rested entirely on the testimony of a single witness, the arresting officer. Cloud's petition for habeas corpus asserts that the trial judge's refusal to permit cross–examination of the officer concerning a prior incident that had resulted in the officer's suspension violated Cloud's sixth amendment right to confront the witnesses against him. Because the petitioner has no *constitutional* right to impeach the general credibility of a witness with evidence of prior bad acts, we AFFIRM the District Court's denial of the writ.

Between the time of Cloud's arrest and trial, the arresting officer filed a false report in an unrelated "vice undercover operation." The officer was suspended and later reassigned to the traffic patrol, but no criminal charges were brought. In the absence of a criminal conviction, the trial judge refused to permit cross–examination into the incident. Defense counsel objected on the sole ground that his client had a right to show that the officer had a propensity to be "untruthful." There was no suggestion either before the state court or this court that cross–examination would show any "biases, prejudices, or ulterior motives" on the part of the officer, *Davis v. Alaska*, 415 U.S. 308, 317, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347, 354 (1974), or that cross-examination would accomplish anything more than a refutation of the officer's credibility.[1]

Malcolm Dade, Dallas, Tex., for petitioner–appellant.

Stephen James Wilensky, Dallas, Tex., for defendant–appellee.

Before RUBIN, HENDERSON and REAVLEY, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge.

Emmett Eugene Cloud, Jr. was arrested in the steam room of a Dallas health

---

1. The following colloquy took place between the trial judge and defense counsel after a proffer of cross–examination on the suspension:

THE COURT: Just in order to let the record reflect what we are doing, I will now hear the Defendant's argument for why they think that this testimony is admissible in view of the State's Motion in Limini. I would like for you to site (sic) your authorities which I instructed you this morning to have ready to show that you can impeach a witness by something other than a conviction for an offense. When you site me that authority, I am ready to hear your argument.

[Defense Counsel]: Your Honor, the Defendant has no authority for such proposition. *This witness' credibility is in question here and if he has been discipline (sic) within his own department for being untruthful, we have a right to put that in evidence here.*

THE COURT: You have no authority for that, this is a case of first impression as far as you are concerned.

[Defense counsel]: We are testing this witness' credibility and we have a right to go into it.

THE COURT: Counsel, this Court would have to assume that if that were the law, that anybody could call any witness' wife or spouse up here, and I don't think there is anybody in the world who hasn't lied to your spouse at one time or another. Unless you get into some matter that shows some kind of a conviction, the Court will sustain the objection and rule that the matter is not admissible in front of the jury. *Now I thought I made that very clear this morning, that if you had any authority, I want to hear it now. That is not to say that before this trial is over with, if you show me some authority for your position, that I won't change*

While the Federal Rules of Evidence permit a criminal defendant, at the discretion of the court, to impeach the credibility of a hostile witness with evidence of prior instances of dishonesty (*see* Fed.R.Evid. 608), we find no authority for the proposition that a defendant has a constitutional right to attempt such impeachment. In *Davis v. Alaska, supra,* the Supreme Court found a sixth amendment violation in a state judge's refusal to permit cross–examination into the partiality of a key prosecution witness. The witness had been adjudicated a juvenile delinquent; his probationary status at the time of Davis' trial might have motivated the witness to identify Davis as the culprit in order to shift suspicion from himself and prevent possible revocation of probation. Noting that "the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross–examination," *Id.* at 415 U.S. at 316, 94 S.Ct. 1110, 39 L.Ed.2d at 354, the Court held that prohibiting an exploration into a witness's possible reasons for falsifying testimony was an error "of the first magnitude and no amount of showing of want of prejudice would cure it." *Id.* at 415 U.S. at 318, 94 S.Ct. 1111, 39 L.Ed.2d at 355.

■ Under *Davis,* cross–examination must be permitted into any incentive the witness may have to falsify his testimony. Here, the petitioner has failed to advance such an incentive. Instead, the petitioner argues that the fact that the witness lied before may be introduced to show that the witness is lying now. While *Davis* mentions the traditional importance of allowing the cross–examiner to discredit a hostile witness, *Id.* at 415 U.S. at 316, 94 S.Ct. 1110, 39 L.Ed.2d 354, it nowhere holds that the sixth amendment requires the admission of all character evidence of whatever relevance and probative value. Compare *Truman v. Wainwright,* 514 F.2d 150 (5th

*my ruling and then let you go into it, but until you show me some authority the Court holds that the mere fact that someone may have made some false statement to someone in the past, which has not resulted in a final conviction, it is not admissible in this State as far as I have been able to determine.*

Cir. 1975), a post-*Davis* decision in which a panel of this court, without referring to *Davis,* said "it is firmly established in this circuit that a witness may not be impeached by inquiry into specific acts of misconduct not resulting in a conviction."

In *United States v. Hitchmon,* 609 F.2d 1098 (5th Cir. 1979), a panel of this court found a refusal to permit cross–examination reversible error under the Federal Rules of Evidence. The trial judge had refused to allow cross–examination concerning an internal DEA investigation of two of the principal witnesses. The investigation concerned whether the two witnesses had given perjured testimony in an earlier trial of the same defendant on the same charge. The panel opinion noted: "That the agents were subject to disciplinary action if they agreed with appellants' depiction of the facts is also something that the jury may have wanted to know in deliberating about the credibility issues." This did not involve the constitutional standard. Moreover, the cross–examination concerned whether the witnesses had testified untruthfully in an earlier trial of the same defendant on the same charge, an issue not wholly collateral to the trial.

In *United States v. Garrett,* 542 F.2d 23 (6th Cir. 1976), the Sixth Circuit found failure to permit cross–examination a violation of the Federal Rules of Evidence and, in dicta, also a sixth amendment denial. The cross–examination was an effort to establish that the police officer had been suspended from the force for refusing to submit to a urine test that would reveal the use of narcotics. However, the court noted "there is no way to determine whether . . . facts might have been disclosed by an examination of [the witness'] disciplinary proceedings which would be the possible basis for reasonable inferences of bias or an interest in the outcome of the Garrett prosecution. [The witness] might well have

Does anybody want to ask any further questions of this witness before I bring the jury back in?
[Defense counsel]: Please note our exception.
(Emphasis Supplied).

looked upon a successful prosecution of Garrett as a means of having his suspension lifted and being returned to full duty as a police officer." *Id.* at 26. It also commented: "Reliance on [*United States v. Norman*, 402 F.2d 73 (9th Cir. 1968), *cert. denied*, 397 U.S. 938, 90 S.Ct. 949, 25 L.Ed.2d 119 (1970) and *United States v. Cardillo*, 316 F.2d 606 (2d Cir.), *cert. denied*, 375 U.S. 822, 84 S.Ct. 60, 11 L.Ed.2d 55 (1963)] is misplaced if the object of the proposed cross–examination of Lehman was to question more than his general credibility. As the court pointed out in *Cardillo*, there is a difference between general credibility and answers which might possibly establish untruthfulness with respect to the specific events of the crime charged. 316 F.2d at 613." It then concluded: "The defense in this case was not attempting to impeach the testimony of Lehman by a general attack on his credibility, but this was an example of a more particular attack relating to issues and personalities in the case at hand as described in *Davis v. Alaska, supra.*"

There are, of course, striking similarities between the facts of *Garrett* and the circumstances of this case. Here, however, defense counsel has suggested no "line of reasoning" (*Davis, supra,* 415 U.S. 317, 94 S.Ct. at 1111, 39 L.Ed.2d at 354) that would make the policeman's testimony suspect aside from the general inference, of limited probative value, that those who lie once may lie twice. When the evidence excluded is of such inherently limited prohibition, the sixth amendment is not violated by failure to admit it. While this testimony might nonetheless have been helpful to the jury, we cannot hold that the sixth amendment is coextensive with the Federal Rules of Evidence or that it terminates the discretion of a state judges to decide on the desirability of admitting such testimony into evidence.

The judgment is AFFIRMED.