**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jake H. DAVIS, Jr., Barry Gene Spence, Lloyd D. Murray and Honorio Montanez, Defendants-Appellants.**

No. 79–5484.

United States Court of Appeals, Fifth Circuit.
Unit B

March 12, 1981.

240

Jack P. Friday, Jr., Savannah, Ga., for Barry Gene Spence.

Alvin E. Entin, North Miami Beach, Fla., Michael Lipsky, Miami, Fla., Clyde M. Taylor, Jr., Tallahassee, Fla., Ronald A. Dion, North Miami, Fla., for Lloyd D. Murray and Honorio Montanez.

William T. Moore, Jr., U. S. Atty., Melissa S. Mundell, David Roberson and William H. McAbee, II, Asst. U. S. Attys., Savannah, Ga., for the U. S.

Before KRAVITCH and FRANK M. JOHNSON, Jr., Circuit Judges, and ALLGOOD *, District Judge.

ALLGOOD, District Judge:

This is an appeal from convictions for conspiring to possess with intent to distrib-

* District Judge of the Northern District of Alabama, sitting by designation.

ute and for possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). The following points of error are urged: (1) that the appellants were improperly denied the right to call witnesses as guaranteed by the compulsory process clause of the sixth amendment; (2) that hearsay evidence was improperly admitted; (3) that death threat testimony was improperly admitted; (4) that appellant's character was improperly allowed into evidence through proof of other crimes or bad acts; (5) that the appellants were deprived of the right to a fair trial because of improper comments by the prosecutors, because some of the appellants were not allowed to make an opening statement and some of the closing arguments were restricted, and because of improper comments by prospective jurors in the presence of the jury panel; (6) that appellants' motion to suppress the marijuana seized in this case was improperly denied; and (7) that appellants' motion for judgment of acquittal on the possession charge was improperly denied. Our review of the record persuades us that the district court erred in denying the appellants the right to call witnesses. Because we cannot find that error harmless beyond a reasonable doubt, we reverse the convictions below and remand the case to the district court for a new trial.

■ Our disposition of this case makes it unnecessary to address any of the remaining alleged trial errors. We do, however, address the issue of the denial of the appellant's motion to suppress the marijuana seized in this case. The claim that the motion to suppress was improperly denied is meritless because some of the marijuana was on a commercial dock in plain view. The motion to suppress was properly denied.

FACTS:

On July 9, 1979, the appellants and others were brought to trial pursuant to a two-count indictment charging them with conspiracy to possess and possession with intent to distribute some 40,559 pounds of marijuana. All appellants[1] were found guilty on both counts with the exception of Montanez who was convicted on the conspiracy count but was acquitted on the substantive count.

At the trial the prosecution relied heavily on the testimony of a confidential informant, Joseph May Wooten. Wooten had been arrested in Virginia on July 27, 1978, for possession with intent to distribute approximately fifty pounds of marijuana. As a result of that arrest, Wooten offered his cooperation to the Drug Enforcement Administration (DEA) in exchange for his case being nol-prossed. Wooten agreed to act as an undercover informant within the Southern District of Georgia. It was Wooten who first alerted authorities to the existence of the conspiracy that is the focus of this prosecution and who provided law enforcement officers with continuing information throughout its course that led ultimately to the arrest of the appellants. At the trial Wooten testified in some detail about the conspiracy and the marijuana off-loading operation which was its goal. He also testified that he had previously been convicted of felonies and that his cooperation with the government in this case stemmed from his arrest on drug distribution charges.

On cross-examination, counsel for the appellants were able to achieve some impeachment of Wooten by eliciting testimony from him concerning his prior convictions and his motive for cooperating with the government, and by apparent inconsistencies in his testimony. However, appellants' counsel were not allowed to impeach Wooten by presenting two character witnesses who were prepared to testify that his reputation for truth and veracity in the community was poor and that, in their opinion, he was not worthy of belief.

1. A coindictee, Michael Johnson, was acquitted on both counts. The appeal of Manuel Enrique Puig-Arrango, also convicted on both counts, was dismissed without prejudice on the ground that he had violated the conditions of his appeal bond by fleeing the jurisdiction of the court. *United States v. Davis*, 625 F.2d 79 (5th Cir. 1980).

The district court excluded these two witnesses on two grounds: (1) the names of the witnesses were not on the witness list provided to the government pursuant to the court's pretrial discovery order, and (2) the testimony of the witnesses would be merely cumulative and impeaching. The appellants argued at trial that to the extent that the court's pretrial discovery order had indeed been violated,[2] the violation was unavoidable since nothing was known about Wooten's background and work history until he testified. The witnesses could not have been included on the witness list until they had been identified and located as a result of Wooten's testimony during trial. Appellants also contend that the exclusion of the witnesses violated their sixth amendment right to call witnesses on their behalf since the government's case depended on Wooten's testimony and their defense would necessarily depend on discrediting Wooten.

The appellants press the argument on appeal that the sixth amendment guarantees their right to call witnesses on their behalf, including the impeaching character witnesses at issue here. Appellants further contend that since the noncompliance, if any, with the pretrial discovery order was innocent and unavoidable and the witnesses were crucial to their defense, the district court's exclusion of their testimony as a sanction for noncompliance with the order was error. It is appellants' position that since that error resulted in the denial of a constitutionally protected right, the resulting convictions can be upheld only if the error was harmless beyond a reasonable doubt.

In response, the government argues that a trial court has wide latitude in limiting the amount of character evidence to be presented during a trial, and in imposing sanctions for failure to comply with pretrial discovery orders. Characterizing the district court's ruling excluding the witnesses as one limiting the admission of merely cumulative character evidence, the government contends that this court can reverse only upon a showing that the trial court's discretion was abused. The government also argues that errors in the administration of criminal discovery rules, including the imposition of sanctions such as the exclusion of evidence, are reversible only upon a showing of abuse of discretion and prejudice to the appellants.

It is in these postures that the litigants approach this court. We are presented with an apparent conflict between the latitude granted to a trial judge under the Federal Rules of Evidence and the Federal Rules of Criminal Procedure and the basic rights guaranteed to criminal defendants by the sixth amendment to the Constitution of the United States.

## I.

In express terms the Federal Rules of Criminal Procedure authorize the trial court to impose sanctions, including the exclusion of evidence, against either party for failure to comply with a rule governing pretrial discovery. Fed.R.Crim.P. 16(d)(2). Despite the unequivocal language of Rule 16, however, serious questions have been raised concerning the constitutionality of such sanctions as applied to criminal defendants: "Whether and to what extent a State can enforce discovery rules against a defendant who fails to comply, by excluding relevant, probative evidence is a question raising Sixth Amendment issues which we have no occasion to explore. It is enough that no such penalty was exacted here." *Williams v. Florida*, 399 U.S. 78, 83 n. 14, 90 S.Ct. 1893, 1897 n. 14, 26 L.Ed.2d 466 (1970) (citations omitted). *See* 1 C. Wright, Federal Practice and Procedure: Criminal § 256 (Supp.1979). Such a question is raised by this appeal.

---

2. The government was ordered to produce a witness list on July 3, 1979, subject to the restriction that the defense counsel were not to divulge the names of the witnesses to the defendants. The extent to which that order was reciprocal is disputed by both parties. Since the reciprocity has no effect upon our disposition of this appeal we do not pursue that dispute.

Cases which involve a defendant's sixth amendment right when a rule of sequestration has been violated by a witness are helpful in resolving the issue in this case. In *Holder v. United States*, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893), the Supreme Court established the rule governing the imposition of sanctions against criminal defendants for noncompliance with witness sequestration orders:

If a witness disobeys the order of withdrawal, while he may be proceeded against for contempt, and his testimony is open to comment to the jury by reason of his conduct, he is not thereby disqualified, and the weight of the authority is that he cannot be excluded on that ground merely, although the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court.

150 U.S. at 92, 14 S.Ct. at 10.

■ In *Braswell v. Wainwright*, 463 F.2d 1148 (5th Cir. 1972), this court expanded upon the *Holder* rule, holding that the exclusion of a defense witness by the State of Florida as a sanction for that witness' noncompliance with the court's sequestration order violated the compulsory process clause of the sixth amendment, and that the defendant's invocation of the sequestration order did not constitute a waiver of his sixth amendment rights. 463 F.2d at 1154. The *Braswell* panel reiterated the Supreme Court's holding that exclusion might be proper under "particular circumstances":

[W]e think that only where some overriding policy consideration is shown for the exclusion of a witness or where it can be shown that the defendant made a *Johnston v. Zerbst* waiver of his sixth amendment right can a trial court properly exclude a vital witness for violation of this rule. The "consent, connivance, procurement or knowledge of the defendant or his counsel" in the unauthorized presence of the witness would certainly seem to be valid reasons for exclusion.

463 F.2d at 1156.[3] This court recognized that even though there is the possibility that the witness' testimony may be influenced by his having been exposed to the testimony of other witnesses, in violation of the express order of the trial court, that, in itself, is not sufficient justification for excluding that witness' testimony. The defense's knowing participation in the tainting of the testimony is required before exclusion becomes constitutionally permissible.

We agree that the exclusion of relevant, probative, and otherwise admissible evidence is an extreme sanction that should be used only when justified by "some overriding policy consideration." Where a defendant has knowingly exposed his evidence to an outside, coloring influence, he has erected an obstacle to the search for truth that the trial court might rightfully remove. In the area of discovery orders, however, no such justification can be found. Unlike sequestration orders, discovery orders are designed to prevent surprise, not to protect the integrity of the evidence sought to be presented. We find no justification for the exclusion of defense evidence solely as a sanction for the failure of a criminal defendant to comply with a discovery rule or order.

■ We hold, therefore, that the compulsory process clause of the sixth amendment forbids the exclusion of otherwise admissible evidence solely as a sanction to enforce discovery rules or orders against criminal defendants.

## II.

■ Having determined that the exclusion of witnesses is an impermissible sanction for the violation of a pretrial discovery order when imposed upon a criminal defendant, we now consider whether the ex-

---

**3.** *See Johnston v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). A defendant's request for discovery under Rule 16 is no more "an intentional relinquishment or abandonment" of the sixth amendment right to call and present witnesses than is the request for the sequestration of witnesses in *Braswell*. *See also Fay v. Noia*, 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963).

clusion in the instant case is a valid exercise of judicial discretion under the Federal Rules of Evidence. The Federal Rules of Evidence allow the credibility of a nonparty witness to be impeached by reputation and opinion evidence of his character for untruthfulness. Fed.R.Evid. 608(a). However, such evidence may be excluded if its probative value is substantially outweighed by its needlessly cumulative nature. Fed.R. Evid. 403. Whether such evidence is needlessly cumulative to the extent that its probative value is outweighed is a determination which lies within the sound discretion of the trial court and that discretion is generally viewed as very broad. *Hamling v. United States*, 418 U.S. 87, 124–25, 94 S.Ct. 2887, 2911, 41 L.Ed.2d 590 (1974).[4] However, the trial court's discretion is necessarily limited by the Constitution of the United States. The exclusion of otherwise admissible evidence or testimony sought to be presented by a criminal defendant must be weighed against the sixth amendment right to have compulsory process for obtaining witnesses in his favor. If the trial court abuses its discretion in excluding evidence under Rule 403, the error is of constitutional proportion.

■ Did the trial court abuse its discretion in excluding the two witnesses in the instant case? Where the probative value of proposed evidence is "substantially outweighed" by the needless presentation of cumulative evidence, Rule 403 grants the trial court discretion to exclude it. It has been noted that the "substantially outweighed" requirement is designed to further a policy favoring the admissibility of evidence:

> The phrasing of Rule 403 makes it clear that the discretion to exclude does not arise when the balance between the probative worth and the countervailing factors is debatable; there must be a significant tipping of the scales against the evidentiary worth of the proffered evidence. Thus, the appellate court need

not find that the trial judge abused his discretion; it is enough that he erred in concluding that he had any discretion. 22 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5221, at 309–10 (footnotes omitted).

■ In analyzing the evidence sought to be introduced at trial by these appellants, we find no significant tipping of the scales in favor of the cumulative nature of the evidence and against its probative worth. The purpose of the proffered evidence was to discredit the key government witness, Wooten, without whom the government would have had no case against the appellants. We do not agree that the two witnesses' testimony would have been needlessly cumulative. No other character witnesses had been called to impeach Wooten's veracity. No other impeachment evidence, except for Wooten's own admission of prior felony convictions and the circumstances surrounding his cooperation with the prosecution, was admitted. No measurable delay would have resulted from the admission of the proffered evidence and no apparent prejudice to the prosecution would have occurred.

The record shows that the trial court in not allowing the defense to use the two witnesses gave as his reason for so ruling, "to put some balance in it." The balance to which the trial court refers is not clear to this court. The government commenced its case on July 10 and did not rest until July 13 around midmorning. The defense presented its case, except for closing arguments, on the remainder of July 13. Considering the time spent putting on its case and the number of pages in the record, the "balance" would appear to favor the government.

The government cites the recent Fifth Circuit case of *Cloud v. Thomas*, 627 F.2d 742 (5th Cir. 1980), for the proposition that appellants had no constitutional right to impeach the general credibility of a witness with evidence showing a propensity to be

---

4. For a discussion of the misuse of the Rule 403 discretion and of the procedure for invoking that discretion *see* 22 C. Wright & K. Graham, Federal Practice and Procedure: Evidence §§ 5223–24 (1978).

untruthful. In *Cloud*, the trial judge refused to permit the defendant to attack the credibility of the sole witness against the defendant by showing that he had filed a false report in an unrelated vice undercover operation which resulted in his being sanctioned and demoted. In affirming the denial of a writ of habeas corpus, the panel implied that the sixth amendment does not require admission of all character evidence of whatever relevance and probative value. *Id.* at 241. We do not find that *Cloud* is dispositive of the issue in the instant case. The excluded evidence here would have gone further than character evidence. The two witnesses would have testified to Wooten's reputation for lacking truth and veracity and that they would not believe him under oath. Such testimony would certainly be essential to a jury's decision whether to believe Wooten's testimony, without which the government would have no case. *Cloud* is also distinguishable from the instant case in that *Cloud* dealt with a limited area of cross-examination concerning specific prior bad acts of the prosecution's main witness rather than, as in this case, to evidence related to the general reputation for truth and veracity of the witness who comprised the prosecution's whole case.

We therefore hold that the district court exceeded its discretion in excluding the two character witnesses in this case and, in so doing, committed error of constitutional proportion. Faced with such error, we can allow the convictions to stand only if we find the error to be harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). Because the role of the government's witness is so central and the jury's perception of his credibility so crucial to conviction, we cannot find the error to be harmless beyond a reasonable doubt. The convictions of appellants Davis, Spence, Murray, and Montanez are hereby reversed and their cases remanded to the district court for a new trial.

REVERSED and REMANDED.