**UNITED STATES, Appellee,**

v.

**Sergeant Prince JACKSON III, 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, United States Army, Appellant.**

**CM 446163.**

U.S. Army Court of Military Review.

13 May 1986.

For Appellant: Lieutenant Colonel William P. Heaston, JAGC, Major Harry L. Williams, JAGC, Captain David W. Sorensen, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Patrick M. Flachs, JAGC, Captain Laura G. Poston, JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members. Contrary to his pleas, he was found guilty of two specifications of sodomy with a child under the age of sixteen. The members sentenced him to a dishonorable discharge, confinement for eight years, total forfeitures, and reduction to Private E–1. He has submitted several assignments of error, but only one requires discussion.

During the merits portion of the trial, the Government presented the testimony of the victim, appellant's eight-year-old stepdaughter. She testified that for a period of almost two years appellant had repeatedly sodomized her by placing his penis in her mouth and ejaculating into her mouth. During cross-examination of two other government witnesses, the defense elicited testimony that during the period when the sodomies were allegedly occurring the victim appeared to be an ordinary, happy child and appeared to have a normal relationship with appellant. The government then introduced the testimony of Dr. Margaret Bell, an experienced child and adolescent psychiatrist, who had examined the victim. After being accepted as an expert witness without defense objection, Dr. Bell testified that the victim's appearance as a normal, happy child was not inconsistent with her having been abused as she had claimed.

The defense case consisted mainly of character testimony from appellant's associates and supervisors, appellant's denial of the offenses, and testimony from a First Sergeant and Mrs. Jones that at the time the molestation charges were made, the victim appeared normal and healthy and had shown no signs of fear or withdrawal.

The defense also offered Mrs. Jones as an expert on the behavior of sexually-abused children. In an attempt to qualify her, appellant elicited testimony before the military judge that Mrs. Jones had worked for eighteen years in the medical field, primarily as a nurse's aid and as a psychiatric technician. In several of these jobs, she was required to observe and work with sexually-abused children. Mrs. Jones was a high school graduate, had observed approximately eight children the victim's age, had no experience with sexually-abused children on an out-patient basis, and had never read anything in depth on the subject of sexually-abused children. The military judge denied the defense request to have Mrs. Jones testify as an expert. Appellant assigns this ruling as error.

## I. Qualification as an Expert

Military Rule of Evidence 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

A trial judge has broad discretion in deciding whether to permit a witness to testify as an expert and his ruling will not be disturbed unless clearly erroneous or an abuse of discretion. *United States v. Barker*, 553 F.2d 1013, 1024 (6th Cir.1977). However, this discretion must be exercised with special caution in situations where the proffered expertise is essential to an accused's defense and where the accused may be unable to obtain the services of an expert whose credentials strike the court as impressive when compared to those of a government expert. *See* 3 J. Weinstein & M. Berger, *Weinstein's Evidence* § 702[04] (1982) [hereinafter cited as *Weinstein's Evidence* ]. An expert need not have certificates of training, membership in a profession, or status as an outstanding practitioner in his field and comparison of the professional stature of expert witnesses for opposing sides should be left to the finder of fact. *Barker*, 553 F.2d at 1024. The essential question for a trial judge who is determining whether a witness should be accepted as an expert is whether the witness's specialized knowledge will assist the finder of fact in understanding the evidence or in understanding a fact in issue. *United States v. Snipes*, 18 M.J. 172, 178 (C.M.A.1984).

Mrs. Jones' knowledge of the effects of sexual abuse on the behavior of children came solely from her observation of children who had been institutionalized, a circumstance not applicable to the alleged victim here. It is arguable that children who have been institutionalized have suffered more serious maltreatment than those who have not and would therefore be expected to show more serious effects. In addition, their presence in the institution may, in itself, influence their behavior. The trial judge appears to have based his rejection of Mrs. Jones as an expert on the premise that the differences between the alleged victim and the kind of children Mrs. Jones had observed would make Mrs. Jones' opinions useless to the members. Applying the above criteria, this argument is unpersuasive and, under the circumstances of this case, appears to have been an abuse of discretion.

Nevertheless, the judge's rejection of Mrs. Jones as an expert under Rule 702 merely deprived her of the opportunity to testify to opinions based on "facts or data ... perceived by or made known to the expert, at or before the hearing." Mil.R. Evid. 703. In other words, standing alone, the ruling simply confined Mrs. Jones to opinions based on her own personal observations. In the case at bar, this would have caused no material prejudice since Mrs. Jones had no opinions to offer which were based on any other information. The matter did not end there, however.

## II. Testimony as a Lay Witness

The trial defense counsel next offered Mrs. Jones as a lay witness who would give her opinions about the behavior of sexually-abused children based on her personal observations of such children.[1] The defense established that, if permitted, Mrs. Jones would have testified that the children she had observed were withdrawn, hostile, and combative; that they would often isolate themselves from the staff and other patients; that they refused to allow male attendants to come in contact with them; and that she had concluded that this behavior was typical of sexually-abused children.

---

1. Military Rule of Evidence 701 provides:
   If the witness is not testifying as an expert, the testimony of the witness in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the testimony of the witness or the determination of a fact in issue.

The military judge excluded Mrs. Jones' opinion *and* the observations from which she drew her opinion on the ground that the risk of confusion from Mrs. Jones' testimony substantially outweighed its probative value. The judge again attached great weight to the fact that Mrs. Jones' observations were limited to hospitalized victims, while the alleged victim in the case at bar had not required hospitalization.

■ Military Rule of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of ... confusion of the issues...." As with Rule 702, a trial judge has broad discretion in the application of Rule 403. The rationale underlying this grant of discretion is that Rule 403 determinations necessarily require the balancing of intangible factors which the trial judge is best placed to assess. A trial judge's application of Rule 403 is not to be disturbed unless clearly erroneous or an abuse of discretion. *See* 1 *Weinstein's Evidence* § 403[04].

In the case at bar, the defense theory was that the victim had lied concerning appellant's alleged abuse of her because she did not like him. To support this theory, the defense introduced evidence that during the periods this abuse was allegedly occurring, the victim acted as a normal, well-adjusted child would. Depending on their view of what would be normal behavior for a child under those circumstances, this might have been persuasive to many members. The testimony of the government expert, Dr. Bell, strongly attacked this proposition. To counter this attack, appellant offered the observations and opinion of Mrs. Jones, which differed markedly from those of Dr. Bell. Consequently, the value of Mrs. Jones' testimony was quite substantially enhanced by its featured role in the case.

■ While the Rule 403 balancing test (when invoked by a timely objection) is applicable to all evidence, it must be emphasized that the provisions of the rule, particularly the "substantially outweighed" standard, favor the admission of evidence;

there must be a significant tipping of the scales to justify exclusion. *United States v. Davis*, 639 F.2d 239, 244 (5th Cir.1981) citing 22 C. Wright & K. Graham, *Federal Practice and Procedure: Evidence* § 5221). For this reason, trial judges should be careful to avoid strained applications of Rule 403. Sifting through relevant evidence in search of the truth and assigning the appropriate weight to the evidence are basic functions of the members of a court-martial. Consequently, objections based on confusion or misleading of the members will seldom suffice to exclude evidence which has substantial probative value in exculpating or inculpating an accused.

■ Here, any confusion associated with Mrs. Jones' testimony was minimal; the distinctions noted by the judge could have been addressed by counsel and then left for the members to weigh without undue risk. Furthermore, Mrs. Jones' proposed testimony was not complicated, nor did it present any problems of delay or prejudice to the government. On the other hand, the probative value of her testimony was significant since it was central to the defense theory in this case and was made all the more important by the government's countervailing use of expert testimony. Had the government not presented the testimony of Dr. Bell, the probative value of Mrs. Jones' testimony would necessarily have been reduced and the situation here might be significantly different. On the facts now before us, however, we hold that the military judge abused his discretion by refusing to allow Mrs. Jones to testify concerning her observations of the behavior of sexually abused children and her opinion as to how such children generally behave. *Cf. United States v. Tyler*, 17 M.J. 381, 384–85 (C.M.A.1984) (lay witness allowed to express opinion that substance was a prohibited drug where his opinion was supported by facts he had observed).

■ As indicated above, Mrs. Jones' testimony was preserved during the hearing on the government's objection, thus avoid-

ing waiver under Military Rule of Evidence 103 and placing us in a position to assess the prejudice resulting from its erroneous exclusion. In child abuse cases, the average member's knowledge concerning the psychology of the victim may be very limited and thus the knowledge of others can be critical in evaluating the victim's behavior, "particularly when the contrary allegation is that she lied about the incidents or made them up in retaliation for some family difficulty." *Snipes,* 18 M.J. at 178. Because of the powerful impact such evidence can have in cases of this type, we hold that the trial judge's failure to admit Mrs. Jones' testimony was not harmless.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Judge FELDER and Judge NAUGHTON concur.