No. 82–6483. TALIAFERRO *v.* MARYLAND. Ct. App. Md. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN and JUSTICE BLACKMUN join, dissenting.

Maryland requires criminal defendants, upon request, to provide the State with the name and address of each alibi witness they wish to call at trial. Md. Rule Proc. 741. As a sanction for failure to abide by this Rule, the trial court has the discretion to prohibit the defendant from introducing the testimony of an undisclosed alibi witness. *Ibid.* This case presents the question whether the exclusion of a witness merely for failure to abide by a discovery rule such as Rule 741 impermissibly infringes upon a defendant's Sixth Amendment right to offer witnesses on his behalf. See *Chambers* v. *Mississippi*, 410 U. S. 284, 302 (1973); *Washington* v. *Texas*, 388 U. S. 14, 19 (1967).

On the second day of trial in the present case, petitioner sought to call Edward Rich as an alibi witness, even though Rich had not been named in response to the State's Rule 741 request. The State indicated that it would have no objection to Rich's testifying if the case were continued for a few days, so that an investigation of Rich could be conducted. The trial court declined to order a continuance; instead, it ordered that Rich not be permitted to testify. The court did not find

that petitioner's violation of Rule 741 was deliberate; rather, it found that petitioner had not been "diligent" and "hadn't made any real effort, except yesterday, to locate this witness." App. to Pet. for Cert. A–90—A–91. The court's ruling severely prejudiced petitioner, since alibi was his only defense, and Rich was his only alibi witness. Petitioner was convicted, and the Maryland Court of Appeals affirmed by a 4–3 vote. 295 Md. 376, 456 A. 2d 29 (1983). The dissent vigorously protested that where, as here, the sanction of exclusion deprives a defendant of his only alibi witness, the violation of the discovery rule is not deliberate, and any prejudice to the prosecution can be cured by a short continuance, the exclusionary sanction violates the defendant's Sixth and Fourteenth Amendment rights. *Id.*, at 398, 456 A. 2d, at 41 (Eldridge, J., dissenting).

This Court has twice expressly reserved judgment on this Sixth Amendment question. *Wardius* v. *Oregon*, 412 U. S. 470, 472, n. 4 (1973); *Williams* v. *Florida*, 399 U. S. 78, 83, n. 14 (1970). Respondent concedes that the question is significant. Brief in Opposition 1. At least one Federal Court of Appeals has flatly held "that the compulsory process clause of the sixth amendment forbids the exclusion of otherwise admissible evidence solely as a sanction to enforce discovery rules or orders against criminal defendants." *United States* v. *Davis*, 639 F. 2d 239, 243 (CA5 1981). Accord, *Hackett* v. *Mulcahy*, 493 F. Supp. 1329 (NJ 1980). See also *Ronson* v. *Commissioner of Correction*, 604 F. 2d 176 (CA2 1979). The American Bar Association and several scholarly writers have also found arguable constitutional infirmity in the exclusionary sanction. See ABA Standards for Criminal Justice 11–4.7(a), and accompanying commentary (2d ed. 1980); Clinton, The Right to Present a Defense: An Emergent Constitutional Guarantee in Criminal Trials, 9 Ind. L. Rev. 711, 838–839 (1976); Westen, The Compulsory Process Clause, 73 Mich. L. Rev. 71, 137–139 (1974); Note, 81 Yale L. J. 1342 (1972).

By the count of the Court of Appeals majority, 35 States and the District of Columbia have provisions similar to Rule 741 that allow the exclusion of evidence as a penalty for noncompliance with discovery rules. See 295 Md., at 387, 456 A. 2d, at 35. Rule 12.1 of the Federal Rules of Criminal Procedure also allows such a sanction to be assessed. One State apparently even *requires* the exclusionary sanction to be applied when a defendant fails to disclose his witness. See Mich. Comp. Laws Ann. §§ 768.20, 768.21 (1982). In light of the sharp disagreement in the legal community as to the constitutionality of this penalty, I would grant certiorari and resolve this recurring issue.