No. 84–5548. SMITH *v.* JAGO, SUPERINTENDENT, LONDON CORRECTIONAL INSTITUTION. C. A. 6th Cir. Certiorari denied.

JUSTICE WHITE, with whom THE CHIEF JUSTICE and JUSTICE BRENNAN join, dissenting.

Despite his claim that he was in Florida at the time of the crime, extensive evidence linked petitioner Smith to a rape he was charged with committing in Ohio. Pursuant to Rule 16(C) of the Ohio Rules of Criminal Procedure, the State requested reciprocal discovery from the defense, and the trial court ordered petitioner to provide full discovery by October 30, 1981. On November 11, 1981, shortly after petitioner was returned from another prison to the jail of the county where he was to be tried, petitioner met with his defense attorney to discuss his case, which would be heard the next day. Petitioner then told his attorney that there were three alibi witnesses he wished to call at the trial, and the attorney orally informed the prosecutor's office of the name of one of these witnesses. The day of trial, petitioner formally filed discovery listing all three witnesses. The trial court allowed the testimony of the first witness, a convicted felon who testified that petitioner was in Florida, not Ohio, shortly before and after the rape. But the trial judge excluded the testimony of the other two witnesses because of petitioner's failure to inform the prosecutors of their testimony earlier. According to the proffer of testimony, the excluded witnesses would testify that petitioner had called

---

*See also note, *supra,* p. 1046.

them repeatedly from Florida, where he was living during the month the rape occurred, and that the telephone calls could be substantiated by phone company records.

Petitioner was convicted of rape, and he subsequently filed a petition for a writ of habeas corpus in federal court. Habeas relief was denied by the District Court, and the Court of Appeals for the Sixth Circuit affirmed, 740 F. 2d 969 (1984), finding that the trial court's exclusion of the alibi witnesses' testimony was a constitutionally permissible sanction for petitioner's failure to timely comply with the reciprocal discovery request.

The exclusion of defense witnesses because a defendant failed to produce their names before a procedural deadline raises a substantial question implicating the Sixth Amendment right of the accused to present witnesses on his own behalf. We have twice left this question open, *Wardius* v. *Oregon*, 412 U. S. 470, 472, n. 4 (1973); *Williams* v. *Florida*, 399 U. S. 78, 83, n. 14 (1970), and there are those who have found arguable constitutional infirmity in such exclusionary sanctions. See, *e. g.*, 2 ABA Standards for Criminal Justice 11–4.7(a) and accompanying commentary (2d ed. 1980); Clinton, The Right to Present a Defense: An Emergent Constitutional Guarantee in Criminal Trials, 9 Ind. L. Rev. 711, 838–839 (1976); Westen, The Compulsory Process Clause, 73 Mich. L. Rev. 71, 137–139 (1974); Note, 81 Yale L. J. 1342 (1972). Another Federal Court of Appeals has explicitly ruled that "the compulsory process clause of the sixth amendment forbids the exclusion of otherwise admissible evidence solely as a sanction to enforce discovery rules or orders against criminal defendants." *United States* v. *Davis*, 639 F. 2d 239, 243 (CA5 1981). Accord, *Hackett* v. *Mulcahy*, 493 F. Supp. 1329 (NJ 1980). See also *Ronson* v. *Commissioner of Correction of State of N. Y.*, 604 F. 2d 176 (CA2 1979). Similar provisions allowing the sanction of testimony exclusion for failure to comply with a discovery request exist in many, if not most, other States. See *Taliaferro* v. *State*, 295 Md. 376, 387, 456 A. 2d 29, 35, cert. denied, 461 U. S. 948 (1983).

This case thus presents a constitutional issue of widespread importance, one we have left unresolved, and one over which the Courts of Appeals are divided. I would grant certiorari and resolve this issue, which will surely not disappear of its own accord.