Loetta CANNON, on behalf of herself
and all others similarly situated
Plaintiffs,

v.

CHERRY HILL TOYOTA,
INC., Defendant.

Civil Action No. 97–3722 JBS.

United States District Court,
D. New Jersey.

March 26, 1999.

Charles N. Riley, Donna Siegel Moffa, Lawrence W. Lindsay, Tomar, Simonoff, Adourian, O'Brien, Kaplan, Jacoby & Graziano, P.C., Lisa Rodriguez, Trujillo Rodriguez & Richards LLC, Cherry Hill, NJ, for Plaintiffs.

Jeffrey C. Sotland, Edelstein, Mintzer & Sarowitz, Westmont, NJ, for Defendant.

## OPINION

SIMANDLE, District Judge.

This matter is before the court on plaintiff Loetta Cannon's motion for class certification of Count One and Count Two of her Complaint against defendant, Cherry Hill Toyota, pursuant to Federal Rule of Civil Procedure 23. Cannon proposes to represent a class consisting of "all consumers who purchased since July 1991 a service contract or extended warranty from Cherry Hill Toyota in connection with the purchase of a vehicle which was documented in a form retail installment agreement." (Plaintiff's Br. at pg. 2.) Because the court finds that Cannon has satisfied all of the requirements of Rule 23, the court grants Cannon's motion.

### BACKGROUND

On July 30, 1996, Cannon purchased a used automobile from Cherry Hill Toyota. In addition to the vehicle, Cannon purchased, through Cherry Hill Toyota, an optional mechanical breakdown protection ("MBP") package from Interstate, Inc. Cannon financed the entire transaction through Cherry Hill Toyota. The transaction was memorialized in a retail sales installment contract, which reflects a charge of $1,167.21 for the MBP in a section entitled "Amounts Paid to Others On Your Behalf."

On July 29, 1997, Cannon commenced this case by filing a putative Class Action Complaint. Cannon alleges that Cherry Hill Toyota's representation in the "Amounts Paid to Others On Your Behalf" section of the retail sales installment contract that it paid $1,167.21 to Interstate, Inc. for MBP on her behalf was false and misleading because Cherry Hill Toyota retained a portion of that amount for itself without disclosing to Cannon that it was doing so. (Complaint at ¶¶ 17–18.) Cannon further alleges that Cherry Hill Toyota routinely makes false and misleading representations to consumers about the amount of money it pays to third parties for MBP on their behalf because Cherry Hill Toyota routinely retains a portion of the price it charges consumers for MBP while affirmatively misrepresenting and failing to disclose the true distribution of those funds on its retail sales installment contracts. (Complaint at ¶¶ 19–21.)

Cannon claims that Cherry Hill Toyota's failure to disclose that it was adding a markup or surcharge to the actual cost of the service warranty Cherry Hill Toyota purchased for her from Interstate and its affirmative misrepresentation of the amount actually paid to Interstate on the retail sales installment contract violates the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.* (Count One), and the New Jersey Consumer Fraud Act, N.J.S.A. 56:8–2 *et seq.* (Count Two). Cannon also claims that Cherry Hill Toyota violated the New Jersey Consumer Fraud Act by affirmatively misrepresenting to her that the vehicle she purchased had front wheel drive when, in fact, it did not (Count Three).

Cannon now moves for class certification under Federal Rule of Civil Procedure 23 on Counts One and Two of her Complaint. Cannon does not seek class certification of Count Three of her Complaint.

### DISCUSSION

A. *Class Action Principles*

Rule 23(a) of the Federal Rules of Civil Procedure sets forth four general conditions

that putative class representatives must satisfy before any case may be certified as a class action:

> (1) the class is so numerous that joinder of all members is impracticable ["numerosity"], (2) there are questions of law or fact common to the class ["commonality"], (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ["typicality"], and (4) the representative parties will fairly and adequately protect the interests of the class ["adequacy"].

Fed.R.Civ.P. 23(a).

Additionally, a plaintiff seeking class certification must demonstrate that the case falls within one of the categories set forth in Rule 23(b). In this case, Cannon seeks class certification under Rule 23(b)(3), which permits certification if

> the court finds that the questions of law or fact common to members of the class predominate over any questions affecting only individual members ["predominance"], and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy ["superiority"]. The matters pertinent to the findings include: (A) defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action ["manageability"].

Fed. R. Civ P. 23(b)(3).

 The plaintiffs bear the burden of proving that the proposed class action satisfies each of the requirements of Rule 23(a) and one of the prerequisites of Rule 23(b). *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir.1994); *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 174 F.R.D. 332, 339 (D.N.J.1997). A motion for class certification should not turn on the court's evaluation of the merits of the parties' legal or factual claims. *See Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). The court may find it necessary, however, to analyze the elements of the parties' substantive claims and review facts revealed in discovery in order to evaluate whether the requirements of Rule 23 have been satisfied. *See Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996) (citing Manual for Complex Litigation 3d § 30.11 (3d ed.1995)); *In re Ford Motor Co.*, 174 F.R.D. at 339.

With these principles in mind, the court will now determine whether Cannon has met her burden under Rule 23.

### B. *Rule 23(a) Considerations*

#### 1. *Numerosity*

 Rule 23(a)(1) provides that class certification should not be granted unless the potential membership of the proposed class is "so numerous that joinder of all members is impracticable." In this context, impracticability refers to the degree of difficulty or inconvenience involved in joining all members of the proposed class in accordance with Rule 19. *Zinberg v. Washington Bancorp., Inc.*, 138 F.R.D. 397, 405–06 (D.N.J.1990). The plaintiff need not precisely enumerate the potential size of the proposed class, nor is the plaintiff required to demonstrate that joinder would be impossible. *Id.* In determining whether the numerosity requirement is satisfied, the court should consider the estimated number of parties in the proposed class, the expediency of joinder, and the practicality of multiple lawsuits. *Peil v. National Semiconductor Corp.*, 86 F.R.D. 357, 365 (E.D.Pa.1980).

 In the present case, discovery has revealed that Cherry Hill Toyota sold extended warranties on credit to 384 consumers in the one-year period preceding the Cannon transaction on July 30, 1996. Extrapolating that number over the six-year period covered by the applicable statute of limitations, and assuming that Cherry Hill Toyota's sales practices were relatively consistent throughout those years, Cannon estimates that there are approximately 2,300 consumers who have claims virtually identical to hers under the New Jersey Consumer Fraud Act. Because joinder of 2,300 plaintiffs certainly would be

impracticable, the court finds that Cannon has satisfied the numerosity requirement of Rule 23(a)(1).

### 2. *Commonality*

Because a successful Rule 23(b)(3) showing by plaintiffs that common issues of law and fact predominate over individual questions necessarily implies that they have established the less stringent commonality requirement of Rule 23(a), the court will address the commonality arguments within the Rule 23(b)(3) predominance discussion. *Georgine v. Amchem Products, Inc.,* 83 F.3d 610, 626 (3d Cir.1996), *aff'd sub nom. Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *In re Ford Motor Co.,* 174 F.R.D. at 339; *Sollenbarger v. Mountain States Tel. & Tel. Co.,* 121 F.R.D. 417, 423 (D.N.M.1988) (citing 7A Charles A. Wright et al., *Federal Practice & Procedure* § 1763, at 227 (2d ed.1986)). *See also* Herbert Newberg & Alba Conte, *Newberg on Class Actions* § 4.22 (3d ed.1992).

### 3. *Typicality*

■■■■ Rule 23(a)(3) requires that the representative parties' claims be typical of the claims of the remainder of the class. The representative parties' claims are generally found to be typical if they arise from the same course of conduct that gives rise to the claims of the other class members and if the claims are based on the same legal theory. *See Baby Neal,* 43 F.3d at 57–58; *Ettinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 122 F.R.D. 177, 181 (E.D.Pa.1988). When the same unlawful conduct was directed at or affected both the named plaintiffs and the members of the putative class, the typicality requirement is usually met, irrespective of varying fact patterns that may underlie individual claims. *See Baby Neal,* 43 F.3d at 58; *Ettinger,* 122 F.R.D. at 181; *see also* Herbert Newberg & Alba Conte, *Newberg on Class Actions* § 3.13 (3d ed.1992).

■■■■ In the present case, Cherry Hill Toyota argues that Cannon cannot satisfy the typicality requirement because she has asserted an individual claim under New Jersey's Consumer Fraud Act (Count Three) in addition to those claims for which she seeks class certification (Count One and Two). This court, however, has previously rejected the notion that class certification under Rule 23 is "an all-or-nothing proposition" requiring class certification of all causes of action asserted in a single pleading. *See Stephenson v. Bell Atlantic Corp.,* 177 F.R.D. 279, 289 n. 4 (D.N.J.1997)(noting that Rule 23(c)(4)(A) permits differential treatment of claims); *see also* 7B Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1790, at 271 (2d ed. 1986)("The theory of Rule 23(c)(4)(A) is that the advantages and economies of adjudicating issues that are common to the entire class on a representative basis should be secured even though other issues in the case may have to be litigated separately by each class member").

■■■■ "The typicality requirement is intended to assess whether the action can be efficiently maintained as a class and whether the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented." *Baby Neal,* 43 F.3d at 57. Here, the fact that Cannon has an additional individual claim against Cherry Hill Toyota does not detract from her ability to fairly represent the interests of absent class members. Indeed, Cannon's interests are perfectly aligned with those of the absent class members on each of the claims for which she seeks to represent a class. Accordingly, the court finds that Cannon has satisfied the typicality requirement of Rule 23(a)(3).

### 4. *Adequacy of Representation*

■■■■ Rule 23(a)(4) requires that the representative parties "fairly and adequately protect the interests of the class." The Rule 23(a)(4) analysis involves a two-pronged inquiry: (1) whether the named plaintiffs' counsel is competent by qualification and experience to conduct the litigation, and (2) whether the named plaintiffs' interests are antagonistic to those of the class. *Stephenson,* 177 F.R.D. at 286 (citing *Weiss v. York Hosp.,* 745 F.2d 786, 811 (3d Cir.1984), *cert.*

*denied,* 470 U.S. 1060, 105 S.Ct. 1777, 84 L.Ed.2d 836 (1985)).

■■■ The court is satisfied that this standard is satisfied in the present case, notwithstanding Cherry Hill Toyota's contention that Cannon lacks sufficient understanding of the factual and legal bases of her claims to adequately represent a class.[1] "The adequacy of representation test does not concern whether plaintiff personally derived the information pleaded in the Complaint or whether he will personally be able to assist his counsel." *Lewis v. Curtis,* 671 F.2d 779, 789 (3d Cir.1982), *cert. denied,* 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 144 (1982). The fact that Cannon has not studied the TILA or the New Jersey Consumer Fraud Act is completely irrelevant; she has counsel who are intimately familiar with both statutes. As a layperson, Cannon should not be expected to have a detailed understanding of the statutes under which she has brought suit or of precisely how Cherry Hill Toyota has allegedly violated those statutes. Cannon is entitled to rely on the knowledge and experience of her counsel.[2]

Cannon is represented by able and experienced counsel in this matter and, as noted above, Cannon's interests are perfectly aligned with those of the absent class members on each of the claims for which she seeks to represent a class. Accordingly, the court finds that Cannon has satisfied the adequacy of representation requirement of Rule 23(a)(4).

## C. *Rule 23(b)(3) Analysis*

In addition to satisfying the requirements of Rule 23(a), a plaintiff who seeks class certification under Rule 23(b)(3) must demonstrate that "questions of law or fact common to members of the class predominate over any questions affecting only individual members [predominance], and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy [superiority]." Fed.R.Civ.P. 23(b)(3).

### 1. *Predominance*

■■■ As noted above, the predominance inquiry incorporates the commonality inquiry of Rule 23(a)(2), which "is satisfied if the named plaintiff[ ] share[s] at least one question of fact or law in common with the grievances of the prospective class." *Stephenson,* 177 F.R.D. at 286 (citing *Baby Neal,* 43 F.3d at 56). "The predominance inquiry focuses on whether the efficiencies gained in resolving these common issues together are outweighed by the individual issues presented for adjudication." *Id.* (citing *In re Prudential Ins. Co. of America,* 962 F.Supp. 450, 511 (D.N.J.1997), *aff'd,* 148 F.3d 283 (3d Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 890, 142 L.Ed.2d 789 (1999)). "That common issues must be shown to 'predominate' does not mean that individual issued need be non-existent". All class members need not be identically situated upon all issues, so long as their claims are not in conflict with each other. *In re Ford Motor Co.,* 174 F.R.D. at 340 (citations omitted).

■■■ In the present case, the court finds that common issues of law and fact clearly

---

1. Cherry Hill Toyota also claims that Cannon is an inadequate representative because her attorneys' waived her attorney-client privilege during her deposition in this case. Relying on the waiver argument, Cherry Hill Toyota moved on August 21, 1998 to compel Cannon to appear for another deposition. In an Order dated September 18, 1998, Magistrate Judge Robert B. Kugler denied Cherry Hill Toyota's motion to compel another deposition, implicitly rejecting Cherry Hill Toyota's argument that Cannon's attorney-client privilege had been waived at the first deposition. Cherry Hill Toyota did not appeal Magistrate Judge Kugler's determination of the attorney-client privilege issue. Accordingly, Magistrate Judge Kugler's determination of that issue is final and beyond reconsideration by this court. *See Continental Cas. Co. v. Dominick D'Andrea, Inc.,* 150 F.3d 245 (3d Cir.1998); *Bellesfield v. RCA Communications, Inc.,* 675 F.Supp. 952, 959 (D.N.J.1987).

2. Interestingly, Cherry Hill Toyota did not challenge the competency or experience of Cannon's counsel in connection with this motion, although it did file a motion to disqualify Cannon's counsel for alleged ethical violations and a motion for Rule 11 sanctions before Magistrate Judge Kugler. In an Opinion and Order filed on February 25, 1999, Magistrate Judge Kugler denied Cherry Hill Toyota's motions and required Cherry Hill Toyota's counsel to show cause why sanctions should not be imposed upon him for unprofessional conduct in this litigation.

predominate. This case involves alleged affirmative misrepresentations of amounts paid to third parties by Cherry Hill Toyota on behalf of class members for MBP on standardized retail sales installment contracts used by Cherry Hill Toyota since July 1991, in violation of the TILA and the New Jersey Consumer Fraud Act. These allegations present common questions of law and fact. Indeed, there do not appear to be any individual questions of law or fact other than the precise amount of damage suffered by each individual class member. *See Gibson v. Bob Watson Chevrolet–Geo, Inc.*, 112 F.3d 283, 285 (7th Cir.1997)(car dealer violates TILA by failing to accurately disclose amounts paid to third persons on consumer's behalf); *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 605–08, 691 A.2d 350 (1997)(plaintiff need not prove intent to defraud or detrimental reliance upon affirmative misrepresentation under Consumer Fraud Act).

Accordingly, the court finds that Cannon has satisfied the commonality requirement of Rule 23(a)(2) and the predominance requirement of Rule 23(a)(3).

2. *Superiority*

Rule 23(b)(3) provides four non-exclusive factors to guide the determination of whether a class action is superior to other available methods of fairly and efficiently adjudicating a controversy:

> (1) the interest of individual members of the class in individually controlling the prosecution of the action; (2) the extent of litigation commenced elsewhere by class members; (3) the desirability of concentrating claims in a given forum; and (4) the management difficulties likely to be encountered in pursuing the class action.

*In re Prudential Ins. Co.*, 962 F.Supp. at 522. In the present case, each of these factors favors class certification.

 First, the individual members of the proposed class would appear to have little interest in pursuing individual claims against Cherry Hill Toyota. It is generally recognized that class certification is preferred where "the recovery being sought by each of the plaintiffs is not sufficiently large to render individualized litigation a realistic possibility." *In re Ford Motor Co.*, 174 F.R.D. at 351 (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985)). In this case, the proof is in the pudding, as the court is aware of no other litigation against Cherry Hill Toyota by potential class members in this or any other forum. Thus, the second Rule 23(b)(3) superiority factor also favors class certification. The third Rule 23(b)(3) factor also favors class certification in this case because "in general, it is desirable to litigate similar, related claims in one forum." *Id.* Finally, as the court anticipates no particular management difficulties in this case, the fourth Rule 23(b)(3) factor also favors class certification in this case.

Accordingly, the court finds that Cannon satisfies the superiority requirement of Rule 23(b)(3).

## CONCLUSION

For the foregoing reasons, the court finds that Cannon has satisfied all of the requirements of Rule 23(a) and (b)(3). Accordingly, the court grants Cannon's motion for class certification. The accompanying Order will be entered.

## ORDER

THIS MATTER having come before the court on plaintiff Loetta Cannon's motion for class certification of Count One (alleging violations of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* (the "TILA")) and Count Two (alleging violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8–2 *et seq.*) of her Complaint against defendant, Cherry Hill Toyota, pursuant to Federal Rule of Civil Procedure 23, and it appearing that Cannon proposes to represent a class consisting of "all consumers who purchased since July 1991 a service contract or extended warranty from Cherry Hill Toyota in connection with the purchase of a vehicle which was documented in a form retail installment agreement," and the court having determined, for the reasons set forth in the accompanying Opinion, that Cannon has satisfied all of the requirements of Rule 23(a) and (b)(3);

IT IS on this day of March, 1999, hereby ORDERED that Cannon's motion for class certification is GRANTED; and

IT IS FURTHER ORDERED that, for these claims under the TILA and the New Jersey Consumer Fraud Act, the court hereby certifies the following class:

**All consumers who purchased since July 1991 a service contract or extended warranty from Cherry Hill Toyota in connection with the purchase of a vehicle which was documented in a form retail installment agreement; and**

IT IS FURTHER ORDERED that class counsel shall file their motion for court approval of the appropriate form and procedures for notice to the members of the plaintiff class, pursuant to Federal Rule of Civil Procedure 23(c)(2), within thirty (30) days hereof.

