*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0741**

State of Minnesota,
Respondent,

vs.

Osma Mardoqueo Escho Sanchez,
Appellant.

**Filed March 9, 2015
Affirmed
Rodenberg, Judge**

Stearns County District Court
File No. 73-CR-12-11282

Lori Swanson, Attorney General, Angela Behrens, Assistant Attorney General, St. Paul, Minnesota; and

Janelle Kendall, Stearns County Attorney, St. Cloud, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Workman Jesness, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Chutich, Judge; and

Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

Following his convictions for first- and second-degree criminal sexual conduct,

appellant Osma Mardoqueo Escho Sanchez challenges two evidentiary rulings by the

district court. He argues that the district court abused its discretion in excluding evidence of the victim's sexual history and in allowing a police officer to testify as an expert concerning delayed reporting of sexual abuse. We affirm.

**FACTS**

In August 2011, a child (referred to herein as "the child") reported to his stepfather that he had been sexually abused by his step-grandfather, appellant, on numerous occasions. The abuse occurred when the child was between the ages of five and eleven and began when the child lived with his grandmother and appellant in California. In California, appellant rubbed the child's leg and touched his buttocks, both on top of and underneath his clothing; touched the child's penis and testicles; had the child touch appellant's penis with both his hands and his mouth; and attempted to anally penetrate the child.

The child later moved to Minnesota to live with his mother and stepfather. Appellant moved in with the family about a year later. While in Minnesota, appellant resumed the sexual abuse by entering the bathroom while the child was showering; touching the child's leg and buttocks; forcing the child to touch appellant's penis and perform fellatio; and attempting to anally penetrate the child. The child did not immediately report the abuse because appellant threatened to leave the child's grandmother and the child feared the consequences of reporting the abuse.

Based on the conduct in Minnesota, the state charged appellant with two counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual

conduct. *See* Minn. Stat. § 609.342, subd. 1(a) (2012); Minn. Stat. § 609.343, subd. 1(a) (2012).

Appellant waived his right to a jury trial. Before the court trial began, the state moved to preclude evidence of the child's alleged prior sexual conduct. The district court granted the motion in part and denied it in part, ruling that the parties could introduce evidence that the child was "in trouble" or "being investigated" for an incident, but could not address the specific act for which the child was being investigated.

The state also moved to have Officer Jessica Schlieman testify at trial as an expert on children's delayed reporting of sexual abuse after learning that its original expert on the topic was unavailable to testify. Appellant objected to Officer Schlieman testifying as an expert, arguing that she did not possess expert qualifications and her testimony would not assist the trier of fact. The district court determined that the officer was qualified as an expert witness and that her testimony would be helpful.

The district court found appellant guilty of all three charges of criminal sexual conduct and sentenced appellant to 144 months in prison. This appeal followed.

## D E C I S I O N

### I.

Appellant argues that the district court abused its discretion when it excluded any evidence regarding the child's alleged prior sexual conduct, as the evidence was relevant and prevented appellant from presenting a complete defense. We disagree.

"[E]videntiary rulings rest within the sound discretion of the trial court and will not be reversed absent a clear abuse of discretion." *State v. Griffin*, 834 N.W.2d 688, 693

3

(Minn. 2013) (quotation omitted). A district court abuses its discretion when it acts "arbitrarily, capriciously, or contrary to legal usage." *State v. Profit*, 591 N.W.2d 451, 464 n.3 (Minn. 1999) (quotation omitted). On appeal, the party challenging the district court's evidentiary rulings has the burden of showing the error and any resulting prejudice. *State v. Jackson*, 770 N.W.2d 470, 482 (Minn. 2009).

The district court granted in part and denied in part the state's pretrial motion to preclude reference at trial to the child's alleged prior sexual conduct pursuant to rule 412 of the Minnesota Rules of Evidence. Rule 412, Minnesota's rape-shield rule, provides that "evidence of the victim's previous sexual conduct shall not be admitted nor shall any reference to such conduct be made in the presence of the jury, except by court order under the procedure provided in rule 412." Minn. R. Evid. 412(1); *see also* Minn. Stat. § 609.347, subd. 3 (2014) (Minnesota's rape-shield law, using nearly identical language as rule 412).

Appellant argues that the district court erred because it prevented him from presenting relevant evidence demonstrating the child's motive to fabricate appellant's criminal sexual conduct, thus preventing him from presenting a complete defense. Appellant's theory was that the child lied about appellant's sexual abuse to try to deflect attention from himself and his own sexual misconduct.

Evidence of a victim's prior sexual conduct "may be admitted where it is constitutionally required by the defendant's right to due process, his right to confront his accuser, or his right to offer evidence in his own defense." *State v. Kobow*, 466 N.W.2d 747, 750 (Minn. App. 1991) (citing *State v. Caswell*, 320 N.W.2d 417, 419 (Minn.

4

1982)).  "The right to present a defense includes the opportunity to develop the defendant's version of the facts, so the [factfinder] may decide where the truth lies." *State v. Crims*, 540 N.W.2d 860, 865 (Minn. App. 1995), *review denied* (Minn. Jan. 23, 1996).  "The right to present a defense is not unlimited; the admission of evidence of a witness's prior sexual conduct is highly prejudicial and will not survive a rule 403 balancing test unless a special exception applies." *State v. Olsen*, 824 N.W.2d 334, 340 (Minn. App. 2012), *review denied* (Minn. Feb. 27, 2013).  One special exception permits admission of "[a]ny evidence tending to establish a predisposition to fabricate a charge of rape . . . unless its potential for unfair prejudice outweighs its probative value." *Id.* (quotation omitted).

The district court's pretrial ruling attempted to strike a balance between allowing evidence of the child having been "in trouble" or "being investigated" for something, while excluding evidence of the specific conduct of the child.  The district court's ruling allowed appellant reasonable latitude to explore the possible motive of the child to fabricate the sexual abuse allegations, while remaining true to the purpose of Minnesota's rape-shield rule and law.  Evidence of the details of the child's prior sexual conduct (which allegedly occurred after appellant's abuse of the child began but before trial) is not sufficiently probative or relevant to the issues at trial, and appellant was able to present a complete defense without the detailed evidence of the child's sexual history.

The district court correctly applied rule 403, and its ruling was well within the discretion afforded to it by the law.

Appellant also argues that the district court abused its discretion by allowing Officer Schlieman to testify as an expert concerning the phenomenon of delayed reporting of sexual abuse by children. Appellant asserts that Officer Schlieman's testimony did not assist the trier of fact and that, in any event, she was not qualified to testify as an expert.

The admission or exclusion of expert testimony is within the broad discretion of the district court, and rulings regarding such testimony are reversed only when the district court clearly abused its discretion. *State v. Sontoya*, 788 N.W.2d 868, 872 (Minn. 2010); *see State v. Dao Xiong*, 829 N.W.2d 391, 395-96 (Minn. 2013). "[A] witness qualified as an expert by knowledge, skill, experience, training, or education, may testify . . . in the form of an opinion or otherwise" "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Minn. R. Evid. 702. Accordingly, the district court must decide "whether the expert is qualified to express [an] opinion, and whether the opinion is helpful because it will assist the trier of fact." *Sontoya*, 788 N.W.2d at 872 (quotation omitted).

*Helpfulness of Officer Schlieman's Testimony*

Appellant argues that Officer Schlieman's testimony did not assist the trier of fact because the district court was already familiar with the issue of delayed reporting among child sexual abuse victims. The record, however, does not support appellant's contention.

When admitting Officer Schlieman's expert testimony, the district court noted:

> Clearly, I've had extensive training myself and have had years of experience in dealing with child protection cases and also criminal cases, but that doesn't make me necessarily an expert. I haven't gone through the CornerHouse training myself. So I do believe that some expert testimony would be helpful and would assist the Trier of Fact in reaching its decisions.

The district court specifically determined that Officer Schlieman had specialized knowledge and training helpful to the trier of fact. Officer Schlieman described in her testimony her CornerHouse training, the interview techniques she used while conducting a CornerHouse interview in this case, and her knowledge of delayed reporting. Officer Schlieman's testimony assisted the trier of fact in understanding the child's delayed reporting of the sexual abuse he experienced. Therefore, the district court acted within its discretion in admitting the testimony. *See* Minn. R. Evid. 702 (providing that expert testimony is allowed only when it "assists the trier of fact to understand the evidence").

### *Officer Schlieman's Qualifications as an Expert*

Appellant further argues that Officer Schlieman's qualifications as an expert are lacking because they pale in comparison to those of similar witnesses, most notably the expert the state had initially listed as its expert until that witness became unavailable.

Minnesota appellate courts have permitted police officers to provide expert testimony "concerning subjects that fall within the ambit of their expertise in law enforcement." *State v. Carillo*, 623 N.W.2d 922, 926 (Minn. App. 2001), *review denied* (Minn. June 19, 2001). These subjects may include the topic of children's delayed reporting of sexual abuse. *See State v. Hall*, 406 N.W.2d 503, 505 (Minn. 1987) ("[I]n cases where a sexual assault victim is an adolescent, expert testimony as to the reporting

7

conduct of such victims . . . is admissible in the proper exercise of discretion by the trial court."); *State v. Sandberg*, 406 N.W.2d 506, 511 (Minn. 1987) (allowing expert testimony from a detective who was a police officer for 15 years, worked in the juvenile division for 9 years, investigated 500 child-abuse cases, and was involved in 26 classes about child abuse).

Officer Schlieman testified at trial about her general training and certifications as a police officer, and her training and experience dealing with child-sexual-abuse cases specifically. A graduate of St. Cloud State University with a B.A. in criminal justice, she completed several courses concerning general and child psychology. Officer Schlieman also testified that she completed CornerHouse and other child abuse training, and was working towards completing her Master's degree in marriage and family therapy. During her 18 years as a police officer, she has interviewed hundreds of children, approximately 40 victims of child abuse, and has conducted approximately 20 CornerHouse interviews. Officer Schlieman's testimony was not and did not purport to be diagnostic or specific to the child in this case.

Appellant contrasts Officer Schlieman's qualifications with those of the state's original expert, arguing that the original expert "possessed a skill and experience level that Officer Schlieman lacked." The original expert possessed an advanced degree and practiced as a licensed psychologist. But Officer Schlieman's credentials need not be the same as those of another expert to qualify her as an expert with sufficient training, education, and experience in the area of children's delayed reporting of sexual abuse to provide expert testimony. This is an area wherein the district court is afforded broad

8

discretion, and the district court did not abuse that discretion in determining that Officer Schlieman was qualified to offer expert testimony concerning delayed reporting by child sexual abuse victims.  Accordingly, we conclude that the district court did not err in admitting Officer Schlieman's expert testimony.

**Affirmed.**