**In re MELLON BANK SHAREHOLDER LITIGATION.**

**No. 87–755 (DEZ).**

United States District Court, W.D. Pennsylvania.

April 19, 1988.

Walter T. McGough, Joseph F. McDonough, Joseph E. Camp, and Philip Baskin, Pittsburgh, Pa., for defendants.

Stuart H. Savett, Kohn, Savett, Klein & Graf, Eugene A. Spector, Philadelphia, Pa., Bruce E. Gerstein, Garwin, Bronzaft & Gerstein, New York City, Robert M. Roseman, Goldstein, Rochestie & Salmon, Leonard Barrack, Barrack, Rodos & Bacine, Philadelphia, Pa., Michael P. Malakoff, Pittsburgh, Pa., Richard D. Greenfield, Haverford, Pa., Daniel W. Krasner, Wolf, Haldenstein, Adler, Freeman & Herz, New York City, Howard F. Messer, Pittsburgh, Pa., Stanley R. Wolfe, Berger & Montague, Philadelphia, Pa., Howard A. Specter, Pittsburgh, Pa., and Gene Mesh, Cincinnati, Ohio, for plaintiffs.

## OPINION

ZIEGLER, District Judge.

Plaintiffs, individually and derivatively, filed this civil action against defendants alleging various securities acts violations, breach of fiduciary duty and waste of corporate assets.

The individual plaintiffs seek class action certification pursuant to Rule 23(a) and (b)(3) for counts I and II which allege violations of Sections 10(b), 20(a) and Rule 10b–5 of the Securities Exchange Act, and Sections 11 and 12(1) of the Securities Act. Plaintiffs define the class as:

> [A]ll persons who purchased the publicly traded securities of Mellon during the period of approximately January 20, 1985 through June 15, 1987 inclusive, and who sustained damage as a result of such purchases. Excluded from the Class are the defendants herein, members of the Boards of Directors of the Company and the Bank, members of their immediate families and any subsidiary, affiliate or controlled person of any such person or entity.

Consolidated Complaint at ¶ 9. Defendants rejoin that plaintiffs have failed to meet the test of commonality, adequate representation, predominance and superiority requirements of Rule 23.

■ A party seeking class certification must prove that the action meets the requirements for a class action. *Peil v. National Semiconductor Corp.*, 86 F.R.D. 357 (E.D.Pa.1980). Rule 23(a) and (b)(3) provide:

> (a) One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the

claims or defenses of the representative parties are typical of the claims and defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied and in addition: (3) the court finds that the questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Thus, to achieve class certification, plaintiffs must prove numerosity, commonality, typicality, adequate representation, predominance and superiority.

■ A district court has discretion to grant or deny class certification. *See, Eisenberg v. Gagnon,* 766 F.2d 770 (3d Cir.) *cert. denied,* 474 U.S. 946, 106 S.Ct. 342, 88 L.Ed.2d 290 (1985). However, "The interests of justice require that in a doubtful case ... any error, if there is to be one, should be committed in favor of allowing a class action." *Id.* at 785. Further, "class actions are a particularly appropriate and desirable means to resolve claims based on the securities laws, 'since the effectiveness of the securities laws may depend in large measure on the application of the class action device.' " *Id.* With these teachings, we shall determine whether plaintiffs have meet the requirements for class certification.

## NUMEROSITY

■ To satisfy numerosity, the class must be so numerous that joinder of all members is impracticable. *Weiss v. York Hosp.,* 745 F.2d 786, 807–08 (3d Cir.1984) *cert. denied,* 470 U.S. 1060, 105 S.Ct. 1777, 84 L.Ed.2d 836 (1985). The court must consider the estimated number of members in the proposed class, the expediency of joinder and the practicability of multiple lawsuits. *In re Data Access Systems Securities Litigation,* 103 F.R.D. 130, 137 (D.N.J.1984). We hold that plaintiffs have satisfied the numerosity requirement. The proposed class is composed of several thousand members. Joining all members or requiring multiple lawsuits would be impractical.

## COMMONALITY

■ Commonality requires the existence of a "common nucleus of operative facts ... or the existence of common questions of law." *Gavron v. Blinder Robinson & Co.,* 115 F.R.D. 318, 322 (E.D.Pa. 1987). However, plaintiffs are not required to show that all questions of fact and law are common. *Weiss,* 745 F.2d at 808–09. Defendants argue that "because of the extreme breadth of plaintiffs' allegations, in terms of number, subject matter, period of time, and the dynamic nature of the underlying facts," plaintiffs have not established commonality. We disagree. At a minimum, plaintiffs assert common questions of law regarding defendants' liability for alleged misrepresentations and omissions with respect to Mellon's financial status. Defendants' legal assertions are contrary to the view of the Court of Appeals that class actions are appropriate in securities fraud litigation. *See, Eisenberg, supra.* We hold that plaintiffs have satisfied the commonality requirement.

## TYPICALITY

■ Typicality exists when the legal or factual positions of the class representatives are sufficiently similar to the legal or factual positions of the other class members. *Eisenberg,* 766 F.2d at 786. Defendants argue that the legal and factual positions of the class representatives are markedly distinct from a large portion of the purported class, that is, the institutional investors. Defendants contend that the institutional investors purchased Mellon stocks based on internally developed research; as such, these sophisticated investors are subject to the due diligence defense which is atypical of the class representatives' claims. Again, we disagree. Typical claims need not be identical and atypical claims may often be treated by "judicious severance or use of subclasses or other separate treatment of individual

issues." *Id.* Here, the claims of the class representatives are essentially identical to the claims of the other class members. The class representatives' typicality is not destroyed because other class members may be subject to unique defenses. We hold that plaintiffs have met the requirement of typicality.

## ADEQUATE REPRESENTATION

■ "Adequate representation depends on two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." *Weiss*, 745 F.2d at 811. Defendants' only challenge is directed at plaintiffs' ability and willingness to support the costs of this litigation. Defendants claim that plaintiffs' mere statements that they are willing and able to bear the expenses of litigation do not satisfy the adequate representation requirement. However, the testimony of a class plaintiff that he/she is willing and able to pursue the litigation can satisfy the adequacy requirement. *Id.* Class plaintiffs testified that they understood the nature of this action and are willing and able to bear the expense of litigation. We find no reason to disbelieve that evidence. Additionally, defendants neither claim, nor do we find, that the class plaintiff representatives have interests antagonistic to the class or that plaintiffs' counsel are unqualified, inexperienced or unable to conduct this litigation. We hold that plaintiffs have satisfied the adequate representation requirement.

## PREDOMINANCE

■ Predominance requires that common questions of law or fact pertaining to the class predominate over individual questions. Most courts have focussed on the efficiency of class treatment, the significance of the common questions and the potential distortion of the lawsuit by class certification. *In re Asbestos School Litigation*, 104 F.R.D. 422 (E.D.Pa.1984).

■ Here, there are several common questions among all class plaintiffs, including, but not limited to, whether defendants conspired to misrepresent Mellon's financial status, whether defendants did in fact make such misrepresentations and whether the alleged misrepresentations artificially inflated the market prices of Mellon's securities. The answers to these common questions go to the heart of plaintiffs' lawsuit, and would be answered most efficiently in a class action suit. Lastly, class certification will not distort this lawsuit. We hold that plaintiffs have satisfied the predominance requirement.

## SUPERIORITY

Superiority must be looked at from the point of view (1) of the judicial system, (2) of the potential class members, (3) of the present plaintiff, (4) of the attorneys for the litigants, (5) of the public at large and (6) of the defendant. The listing is not necessarily in order of importance of the respective interests. Superiority must also be looked at from the point of view of the issues.

*Katz v. Carte Blanche Corp.*, 496 F.2d 747, 760 (3d Cir.) (en banc), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974). Here, all parties involved will benefit from class certification. The judicial system, the attorneys, the plaintiffs and the defendants will save a great deal of time and money by avoiding duplicative lawsuits. Further, the potential class members and the public will have rights protected which would otherwise go unprotected due to the nature of the alleged fraud. We hold that plaintiffs have satisfied the superiority requirement.

In sum, we hold that plaintiffs have met the test for class certification pursuant to Rule 23(a) and (b)(3). Plaintiffs' motion for class certification will be granted.

A written order will follow.