DEATH ROW PRISONERS OF PENN-SYLVANIA, including, Michael Rainey, James Smith, Tyronne Moore, George Edwards, Scott Blystone and Roland Steele, for themselves and all other Pennsylvania Death Row Prisoners who are similarly situated,

v.

Thomas RIDGE, individually and in his official capacity as Governor of the Commonwealth of Pennsylvania; Thomas Corbett, individually and in his official capacity as Attorney General of the Commonwealth of Pennsylvania; Martin Horn, individually and in his official capacity as Commissioner of the Department of Corrections of the Commonwealth of Pennsylvania, and Other Employees and Officers of the Commonwealth of Pennsylvania Whose Identities are Presently not Known.

Civil Action No. 96–3179.

United States District Court, E.D. Pennsylvania.

Oct. 17, 1996.

Robert Brett Dunham, Philadelphia, PA, Billy H. Nolas, Philadelphia, PA, Michael Wiseman, PA. Post–Conviction Defender Organization, Philadelphia, PA, David Wycoff, Philadelphia, PA, Shelley Stark, Federal Public Defender's Office, Pittsburgh, PA, for Death Row Prisoners of Pennsylvania.

Billy H. Nolas, Philadelphia, PA, Michael Wiseman, PA. Post–Conviction Defender Organization, Philadelphia, PA, David Wycoff, Philadelphia, PA, for James Smith, Tyronne Moore, George Edwards, Scott Blystone, Roland Steele.

Sarah B. Vandenbraak, Chief, Civil & Exceptional Litigation, Philadelphia, PA, Daniel J. Doyle, Office of Attorney General, Harrisburg, PA, Syndi L. Guido, Deputy General Counsel's Office, Harrisburg, PA, for Thomas Ridge, Martin Horn.

Sarah B. Vandenbraak, Chief, Civil & Exceptional Litigation, Philadelphia, PA, Amy Zapp, Deputy Attorney General, Harrisburg, PA, Daniel J. Doyle, Office of Attorney General, Harrisburg, PA, Syndi L. Guido, Deputy General Counsel's Office, Harrisburg, PA, for Thomas Corbett.

### MEMORANDUM

PADOVA, District Judge.

Plaintiffs seek to certify a class consisting of all present and future Pennsylvania death row prisoners who are under sentence of death and who have not yet filed petitions for habeas corpus review. The certified class would pursue its claim concerning Pennsylvania's status under the provisions of Chapter 154 of the Antiterrorism and Effective Death Penalty Act of 1996.[1] Pub.L. No. 104–132, 110 Stat. 1214 (1996).

For the reasons that follow, I shall grant Plaintiffs' Amended Motion for Class Certification.

### I. LEGAL STANDARD

A plaintiff seeking class certification "must establish that all four requisites of Rule 23(a) and at least one part of Rule 23(b) are met." *Baby Neal v. Casey,* 43 F.3d 48, 55 (3d Cir.1994) (citation omitted). Rule 23(a) provides that:

> One or more members of a class may sue ... as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims ... of the representative parties are typical of the claims ... of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). A class action under Rule 23(b)(1) and (b)(2) may be maintained if

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>
> > (A) inconsistent of varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

---

1. Plaintiffs also seek the certification of a subclass under Fed.R.Civ.P. 23(c)(4) to pursue their freestanding request for federal habeas counsel pursuant to 21 U.S.C.A. § 848(q)(4)(B) (West Supp.1996). The § 848 claim and the related Motion for Subclass Certification will be dealt with in a separate memorandum.

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the members not parties to the adjudication or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Fed.R.Civ.P. 23(b)(1) and (2).

■ A district court ruling on a class certification motion should set forth findings of fact and conclusions of law. *See Eisenberg v. Gagnon,* 766 F.2d 770, 785 (3d Cir.), *cert. denied,* 474 U.S. 946, 106 S.Ct. 342, 88 L.Ed.2d 290 (1985).

## II. DISCUSSION

### A. Rule 23(a) Requirements

#### 1. *Numerosity*

■ To satisfy the numerosity requirement, the Court must find that the number of claims is so large that joinder would be impracticable. The number needed to fulfill this prong varies with the type of case. *Bacal v. SEPTA,* No. Civ.A. 94–6497, 1995 WL 299029, at *2 (E.D.Pa. May 16, 1995). With respect to (b)(2) actions, "[t]he numerosity requirement should not be rigorously applied when the requested relief [as in the instant case] is injunctive as the defendant will not be prejudiced if the action proceeds as a class action." *Id.* (citing *Weiss v. York Hosp.,* 745 F.2d 786, 808 (3d Cir.1984), *cert. denied,* 470 U.S. 1060, 105 S.Ct. 1777, 84 L.Ed.2d 836 (1985)).

■ Plaintiffs argue that while the population is fluid, the nature of the wrong that Defendants are committing stays constant and affects all class members (i.e., because Pennsylvania has not declared that it does not meet Chapter 154's requirements, no death row prisoner knows the applicable statute of limitations for the filing of a federal habeas writ). In their Amended Motion for Class Certification, Plaintiffs have excluded from their putative class the approximately 15 death row prisoners who have already filed habeas petitions.

According to the Execution List Update issued by the Pennsylvania Department of Corrections, as of April 29, 1996, there were 201 death row prisoners in Pennsylvania. (Pls.' Mem.Supp.Mot.Class Certification at 2 n. 2). Moreover, the population of death row is fluid, with approximately 20–25 new members added each year.

Even though Plaintiffs excluded 15 members from their putative class, I find that this reduction does not alter the fact that the proposed Plaintiff class in this instance is still numerous for purposes of class certification analysis under 23(a)(1). Because of the large number of the putative class and its fluidity, Plaintiffs persuasively argue that joinder would be impracticable. The Court also accepts their argument that due to the nature of the relief sought—a declaration as to the appropriate statute of limitations—it is essential that the class obtain a speedy resolution of this issue, and joining approximately 185 cases would require a large expenditure of time that would devour a significant portion of the limitations period. Plaintiffs point out, and the Court recognizes, that joinder also would be difficult due to the illiteracy, isolation, and mental illness of some of the class members.

#### 2. *Commonality*

■ Both commonality and typicality are aimed at assuring that the action can be practically and efficiently maintained and that the absentees' interests will be fairly and adequately represented. *Baby Neal,* 43 F.3d at 56 (citing *General Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 2370 n. 13, 72 L.Ed.2d 740 (1982)).

■ "The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class. Because the requirement may be satisfied by a single common issue, it is easily met." *Baby Neal,* 43 F.3d at 56 (citations omitted). Class relief is "especially appropriate" where plaintiffs seek injunctive relief against defendants en-

gaged in a common course of conduct affecting the entire class. *Bacal,* 1995 WL 299029, at *3 (citation omitted).

 Common questions need only exist—not predominate—in (b)(2) cases. *Baby Neal,* 43 F.3d at 60. Moreover, Rule 23 does not require that all plaintiffs actually suffer an injury. It is enough that they face the threat of injury. *Id.* at 57 (citing *Hassine v. Jeffes,* 846 F.2d 169, 178 n. 5 (3d Cir.1988)).

 Plaintiffs correctly state that the common legal question facing the class is whether Pennsylvania meets Chapter 154's counsel requirements and thus whether Chapter 154's 180–day statute of limitations applies to the filing of federal habeas petitions by death row prisoners in Pennsylvania. The resolution of this legal issue will revolve around the resolution of a common question of fact—whether Pennsylvania has a statewide mechanism for the appointment and funding of competent counsel to death row prisoners to challenge their convictions and sentences in state post-conviction proceedings. Plaintiffs point to Chapter 154, which states "[t]his chapter is applicable if a *state* establishes ..." 28 U.S.C.A. § 2263(b) (West 1989) (emphasis added). Thus, by its very terms, Chapter 154 indeed requires that the determination be made on statewide basis.

Moreover, Plaintiffs assert that Defendants cannot overcome the presence of commonality by asserting that the individual circumstances of the putative class members may be different. While each member of the putative class may have different circumstances (for example, with respect to what stage their post-conviction challenges are in), these differences will not affect the determination of the ultimate, common question before the Court.

### 3. Typicality

 The typicality criterion is intended to preclude certification of those cases where the legal theories of the named plaintiffs potentially conflict with those of the absentees by requiring that the common claims are comparably central to the claims of the named plaintiffs as to the claims of the absentees. *Baby Neal,* 43 F.3d at 57 (citing *Weiss,* 745 F.2d at 810). The inquiry is whether the factual circumstances and legal theories of the named plaintiffs are so markedly different from the absentees that the former could not fairly and adequately represent the latter. *Id.* at 57–58 (citing *Hassine,* 846 F.2d at 177). However, "even relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories." *Id.* at 58 (citation omitted).

This requirement ensures that the suit can be efficiently maintained as a class action, and the named plaintiffs' incentives align with those of the class such that the absentees' interests will be fairly represented. *Baby Neal,* 43 F.3d at 57 (citation omitted). "[C]ases challenging the same unlawful conduct [affecting] both the named plaintiffs and the putative class usually satisfy the typicality requirement." *Id.* at 58 (citation omitted).

 Plaintiffs contend that the interests of the named plaintiffs and the absentees are in alignment. As is the case with all prisoners on death row, Plaintiffs have a constitutional right to know the applicable statute of limitations for federal habeas writs, and a federal statutory right to appointed, competent counsel to assist them in seeking state post-conviction relief if Pennsylvania asserts that Chapter 154's 180–day filing period is applicable in this state. Plaintiffs rightly state that it is inconceivable that the interests of any absent class member would be at odds with the interests of the named plaintiffs, or that any assertion made by a named plaintiff would diminish or adversely affect any right of an absentee. Moreover, even if there are slight differences in circumstances among the named plaintiffs and absent class members, typicality does not require a perfect fit.

### 4. Adequacy of Representation

 To satisfy this prong, the named Plaintiffs must show that their counsel is qualified and experienced in conducting the proposed litigation, and that they do not have any interests antagonistic to those of the class. *Hassine,* 846 F.2d at 179 (citations omitted).

■ There can be no dispute about the qualifications and experience of Plaintiffs' lead counsel—the Pennsylvania Post–Conviction Defender Organization and the Capital Habeas Corpus Unit of the Federal Defender Association of Philadelphia. Both entities possess expertise in capital work and civil rights litigation. With respect to the second prong of the test—that named Plaintiffs possess no interests antagonistic to the putative class—Plaintiffs state, and the Court accepts, that there are no actual or potential conflicts that could preclude certification.

**B. Rule 23(b)(1) and (b)(2) Requirements**

■ Plaintiffs point out that the requirements of Rule 23(b)(1) are satisfied because if the question of whether Pennsylvania satisfies Chapter 154's requirements is litigated each time a district attorney asserts the 180–day statute of limitations, there is a risk of inconsistent judgments regarding Pennsylvania's opt-in versus opt-out status; there is also a risk that the finding in one particular case about Pennsylvania's status may be binding on the whole class. The Court agrees.

■ For Rule 23(b)(2) certification, the relief sought must benefit the entire class, and the interests of the named plaintiffs and the absentees must be so similar that injustice will not result in the application of *res judicata. Baby Neal,* 43 F.3d at 59 (citing *Hassine,* 846 F.2d at 179). The (b)(2) class is most appropriate in suits that seek to define the relationship between defendants "and the world at large." *Weiss,* 745 F.2d at 811. Rule 23(b)(2) "is almost automatically satisfied in actions primarily seeking injunctive relief." *Baby Neal,* 43 F.3d at 58 (citing *Weiss,* 745 F.2d at 811).

The primary relief sought herein—(1) a declaratory judgment that Pennsylvania does not meet Chapter 154's requirements and therefore the 180–day statute of limitations period is not applicable, and (2) an injunction preventing Commonwealth officials from asserting otherwise in defending a federal habeas petition—fits the requirements for (b)(2) certification.

An appropriate Order follows.

### *ORDER*

**AND NOW,** this 17th day of October, 1996, upon consideration of Plaintiffs' Amended Motion for Class Certification (Doc. No. 49), Oral Argument held on May 1, 1996, Plaintiffs' Memorandum of Law in Support of Motion for Class Certification (Doc. No. 9), Brief of Defendants Ridge and Horn in Opposition to Class Certification (Doc. No. 25), Plaintiffs' Supplemental Points and Authorities in Support of Class Certification (Doc. No. 45), Oral Argument held on August 22, 1996, and Defendants' Brief in Opposition to Plaintiffs' Amended Motion for Class Certification (Doc. No. 57), **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion for Class Certification is **GRANTED** with respect to **CERTIFICATION** of a **CLASS** to **PURSUE INJUNCTIVE** and **DECLARATORY** relief in connection with the claim that Pennsylvania is not an opt-in state within the meaning of 28 U.S.C.A. § 2201.