Garry **BORZYCH,** Michael Murphy, Allen Sheckles, and Alvin Hegge, Petitioners,

v.

Daniel **BERTRAND** and Gary **McCaughtry,** Respondents.

No. 97–C–454.

United States District Court, E.D. Wisconsin.

Aug. 26, 1997.

---

Garry Borzych, Green Bay, WI, pro se.

Michael Murphy, Waupun, WI, pro se.

Allen Sheckles, Green Bay, WI, pro se.

Alvin Hegge, Green Bay, WI, pro se.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Garry Borzych, Michael Murphy, Allen Sheckles, and Alvin Hegge, filed an 84–page petition for the writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on April 23, 1997. Because of the length of the petition and because it did not concisely state each ground for relief or summarize briefly the facts supporting each claim, I found that the petition was not in compliance with Rule 2, Rules Governing Section 2254 Cases. I then directed the petitioners to file an amended petition that would comply with the form attached to the habeas corpus rules.

Three of the above-captioned petitioners, Garry Borzych, Allen Sheckles, and Alvin Hegge, subsequently filed one petition ["Borzych petition"]. On the same day, Michael Murphy filed a separate petition on his own behalf ["Murphy petition"], in which he states that because he is in a different prison from the other petitioners, he "therefore has hereby severed himself herefrom."

The Borzych petition states that Mr. Borzych was convicted in Racine County circuit court on May 28, 1993, of first degree intentional homicide and burglary. Mr. Sheckles was convicted in Walworth County circuit court on October 26, 1992, for armed robbery while concealing identity/party to a crime as repeater, possession of electric weapon as a repeater, false imprisonment while possessing a dangerous weapon and while concealing identity/party to a crime as a repeater, and resisting an officer as a repeater. Mr.

Hegge was convicted in Dane County circuit court on October 23, 1985, for first degree murder, theft by fraud, and arson. The Murphy petition states that Mr. Murphy was convicted in Walworth County circuit court on November 19, 1992, for armed robbery while concealing identity as a repeater, felon in possession of a firearm as a repeater, and false imprisonment as a repeater.

■ I am now obligated, under Rule 4, Rules Governing Section 2254 Cases, to examine the petitions to determine if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The petition must survive a Rule 4 analysis before I can require the respondents to reply. The court is to give a pro se petition, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *Vanskike v. Peters*, 974 F.2d 806, 807 (7th Cir.1992), *cert. denied*, 507 U.S. 928, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993).

In their original petition, the petitioners maintain that "questions of both law and jurisdictional fact are common to all Petitioners and Respondent, therefore conservation of judicial resources and Federal Rules of Civil Procedure, Rules 20 and 23 allow and promote joinder of above named Petitioners in a single action." Rule 20 provides for the permissive joinder of plaintiffs if the action arises "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Rule 23(a) requires plaintiffs requesting to proceed as a class to meet the following four requirements: the class is so numerous that it would be impracticable to join all members, common questions of law or fact exist, the representative party's claim is typical of the claims or defenses of the class members, and the representative party's representation will fairly and adequately protect interests of the class.

In their amended petition, the petitioners elaborate on their argument that they should be able to proceed together in one action. The petitioners note that the instructions in

the model form attached to the Rules Governing Section 2254 Cases states that "[o]nly judgments entered by one court may be challenged to a single petition" and that "[i]f you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court." They go on to argue that this language is not dispositive and that the court could, but does not have to, "sever Petitioners for purpose of adjudication on the merits." The petitioners have neither moved for joinder nor for class certification.

■ Petitions for a writ of habeas corpus are by nature an individual action. In examining such a petition, a federal court must look at many distinct facts, like the manner in which the petitioner was tried and convicted and the route that the petitioner took through the state court system. Of course, situations exist in which it is proper for a group of petitioners to maintain a consolidated or class habeas action. *See Death Row Prisoners of Pennsylvania v. Ridge,* 169 F.R.D. 618 (E.D.Pa.1996) (certifying a class of prisoners challenging Pennsylvania's status under the new habeas corpus statute); *Ashmus v. Calderon,* 935 F.Supp. 1048, 1063–69 (N.D.Cal.1996) (certifying class of prisoners challenging applicability of new habeas corpus statute to California), *aff'd on other grounds,* 123 F.3d 1199 (9th Cir.1997).

Such a situation, however, does not exist here. While the Borzych petition states approximately 37 "joint" ground for relief and the Murphy petition states 23 grounds for relief, several of these claims involve separate factual issues for each petitioner. For example, ground one of the Borzych petition alleges that the petitioners were denied their right of direct appeal from their conviction. The statement of facts accompanying these grounds allege that Mr. Borzych was deprived of his appeal because the court refused to appoint counsel. The facts also state that Mr. Sheckles was deprived of his appeal because his appointed counsel refused to raise all issues on the appeal and allowed the time limits to expire, "thereby automatically converting first appeal as of right ... into a § 974.06 proceeding." Finally, the petition states that Mr. Hegge was deprived of his first appeal because his appointed attorney did not file an appeal. Mr. Murphy alleges in his petition that he did not receive his appeal because his appointed counsel "failed to timely conduct postconviction proceedings."

Another example of factual differences in the claims includes ground 36 of the Borzych petition and ground 20 of the Murphy petition. In these grounds, the petitioners claim that each of them was denied their right to be present at various court proceedings. In the Borzych petition, the bulk of the facts that are supplied are relevant only to Mr. Hegge. The claim outlines each incident in which Mr. Hegge was allegedly absent from the court and then states that the "other herein named Petitioners were involuntarily absented therefrom." The count also alleges that in Mr. Murphy's case, the court had an ex parte communication with the jurors and that in Mr. Hegge's case, the court had ex parte communications with the jury through the bailiffs.

In ground 37 of the Borzych petition and ground 21 of the Murphy petition, the petitioners claim that in each criminal case, each jury was provided with extraneous information that should not have been presented to them. The allegations are that in Mr. Borzych's case, the jury was provided with a copy of information that was never filed on the court record, that in Mr. Hegge's case, the jury received an information that "encompassed several charges that Hegge was not on trial therefor," and that in Mr. Murphy's and Mr. Sheckles' cases, the jury received evidence of prior criminal conduct "that the State of Wisconsin lacked jurisdiction thereover."

The petitioners also state claims in which it is unclear how the count applies to all four petitioners. An example is ground 14 in the Borzych petition, which states that the petitioners are entitled to relief because the verdict forms in their criminal trials stated that the jury found the defendant guilty of "party to a crime" but that no such crime exists in Wisconsin. In the petitioner's description of their convictions, however, only Mr. Sheckles and Mr. Murphy state that they were convicted for being a party to a crime.

It is grounds like these that cannot survive in a joint petition. The court of appeals for the seventh circuit has discussed the "transaction and occurrence" requirement of the analogous compulsory counterclaim rule, Rule 13(a), Federal Rules of Civil Procedure. The federal appeals court said that the standard that should be used is the "logical relationship" test and that the "purpose behind the rule is judicial economy; to avoid a multiplicity of actions by resolving in a single lawsuit all disputes that ensue from a common factual background." *In re Price,* 42 F.3d 1068, 1073 (7th Cir.1994). "A court should consider: 'the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds.'" *Id.* (quoting *Burlington N. R.R. v. Strong,* 907 F.2d 707, 711–12 (7th Cir.1990)). The petitioners have not shown that their claims arise from the same transaction or occurrence.

For the same reason that several of the petitioners' claims cannot satisfy the requirements of Rule 20, they cannot satisfy the common question of law or fact requirement of Rule 23(a)(2). Although the petitioners only have to show that there "a common nucleus of operative fact" in order to meet the commonality requirement, *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir.1992), *cert. denied,* 506 U.S. 1051, 113 S.Ct. 972, 122 L.Ed.2d 127 (1993), they have not met this burden.

Each petitioner's claim is factually distinct and cannot be resolved by a general application of the law. The petitioners were each tried for a variety of different crimes in front of different juries, and the court cannot address the claims without delving into the factual background of each case. Even if the court found, for example, that one petitioner's rights were violated because of the extraneous information that the jury might have heard, it would not be able to find, based on that alone, that the other petitioner's rights were violated. What kind of information the jury received and whether they actually received it are dispositive questions that are different for each petitioner. Similarly, the court could not find, based on the same reasoning or application of law, that Mr. Borzych, who allegedly did not receive appointed appellate counsel, and Mr. Sheck-

les, who argues that his appointed counsel did not raise all relevant claims, should both be granted a writ of habeas corpus.

Furthermore, as mentioned above, the court must determine whether each petitioner exhausted each claim in the state courts. It is obvious from the petitioner's description of their state court appeals that they did not all follow the same route after their conviction. Contrary to the petitioners' assertions, it would not be efficient for the court to examine each of the 34 claims to determine if each petitioner exhausted his claims in state court.

The petitioners do state some grounds for relief in which they do not allege any factual differences among the petitioners. For instance, ground 35 in the Borzych petition alleges that all of the petitioners did not receive their criminal trial within 90 days of their demand for trial, and grounds 18–23 challenge the same jury instructions that were or were not given in each petitioner's trial. Grounds like the ones in which the petitioners generally challenge a policy or procedure of the trial court are more likely to have common questions of fact and law or to arise from the same "occurrence." These grounds, though, cannot be reconciled with the other grounds in which the facts of each petitioner's conviction are important to the resolution of each one's request for a writ of habeas corpus.

Not only would it be ineffective for the court to go through and decide which of the claims the petitioners may be able to maintain, it would be improper. If the court dismissed most of the petitioners' claims because the claims could not be filed jointly, but allowed the petitioners to go forward on some of the claims, the petitioners may not be able to re-file a petition with the dismissed claims because of the rule on second and successive petitions. *See* 28 U.S.C. § 2244(b). Even if the second petition were not construed to be "second or successive," however, it would not an efficient use of judicial resources for all four petitioners to allege some claims together in one petition and then to allege their other claims in four individual petitions.

The better course is to dismiss this petition, without prejudice, thereby allowing each petitioner individually to pursue all of his claims in one court. I realize that the present petition was filed on April 23, 1997, the last day which habeas corpus petitions could be filed without being subject to the stricter standards of the Antiterrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. § 2254(d). The petitioners, however, cannot get around the fact that they raised most of their claims in an improper manner. They ask that the court, if it determines that a joint petition is inappropriate, sever the claims into four petitions. It is not the court's province to sever claims that should not have been brought together in the first place. *See* Rule 20(b), Federal Rules of Civil Procedure (allowing a court to sever into separate trials claims that were properly joined).

Therefore, IT IS ORDERED that the above-captioned petition for a writ of habeas corpus be and hereby is dismissed, without prejudice.

IT IS ALSO ORDERED that this action be and hereby is dismissed, without prejudice.